# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY L. SPROUL,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　　　　　　　Defendant. | CASE NO.  11-CV-1000-IEG (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES**<br><br>[Doc. No. 24] |

Before the Court is Plaintiff's petition for approval of attorney's fees.  [Doc. No. 24.]  For the reasons below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

In November 2006, Plaintiff Terri L. Sproul filed an application for disability insurance benefits with the Social Security Administration ("SSA") based on fibromyalgia, severe joint pain in both feet, anxiety, and depression.  [*See* Doc. No. 20 at 2 (Summary Judgment Order).]  The claim was denied by an Administrative Law Judge ("ALJ"), that denial was affirmed through the highest level of administrative review, and then Plaintiff appealed to this Court pursuant to 42 U.S.C. §405(g).  [*Id.*]  For purposes of this appeal, Plaintiff and counsel entered into a contingency fee agreement for 25% of past-due benefits awarded.  [*See* Doc. No. 24-3 (fee agreement).]

On February 17, 2012, the Court reversed the decision of the ALJ, granted summary judgment in favor of Plaintiff, and remanded the case to the SSA for calculation of benefits past-due.  [*Id.*]  Thereafter, the parties stipulated to an attorney's fee award of $3,684.04 under the Equal Access to Justice Act ("EAJA") for the 20.4 hours expended by counsel prosecuting

Plaintiff's claim. [Doc. No. 22.] On June 20, 2012, the SSA awarded Plaintiff $64,842 in past-due benefits. [*See* Doc. No. 24-5 (Notice of Award).]

By the present motion and under the terms of the operative contingency fee agreement, Plaintiff seeks an attorney's fee award of $16,210.50, *i.e.*, 25% of Plaintiff's past-due benefit award. [*See* Doc. No. 24.][1] The Commissioner submitted a response to Plaintiff's motion, providing an "analysis of the fees to assist the Court" but "tak[ing] no position as to the reasonableness of the request." [*See* Doc. No. 26 at 2-5.]

### DISCUSSION

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (quoting §406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The reasonableness of the requested fee award depends on "the character of the representation and the results the representative achieved." *Id*. at 807. Any § 406 fee award must be offset by any award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In this case, counsel and Plaintiff agreed to a 25% contingent fee award at the outset of the appeal and nothing in the record suggests the agreement was reached by fraud or under duress. [*See* Doc. No. 24-3.] As such, the agreed 25% percent award is presumptively valid and subject to reduction only if and to the extent warranted by the character of the representation and the results achieved. *See Gisbrecht*, 535 U.S. at 807-808.

Neither the character of the representation nor the results achieved warrant reduction of the agreed award. Counsel caused no undue delay. *Cf. Ashing v. Astrue*, 798 F.Supp.2d 1143, 1146-47 (D. Or. 2012) (reducing award based on delays caused by counsel that resulted in the accrual of additional benefits past-due, thereby unnecessarily inflating the contingent percentage fee). Nor

---

[1] In the event this requested fee is granted, counsel commits to crediting the previously obtained EAJA award to Plaintiff. [Doc. No. 24-1 at 1-2.]

was success a foregone conclusion at the outset. *Cf. Dunnigan v. Astrue*, 2009 WL 6067058, *12 (D. Or. Dec. 23, 2009) (reducing award where Commission did not oppose the appeal). Rather, counsel fully litigated substantial cross-motions for summary judgment, [*see* Doc. Nos. 12, 15, 16], and achieved a complete reversal of the Commission's denial of benefits, resulting in a $64,842 award of past-due benefits to Plaintiff. [*See* Doc. Nos. 20, 24.] Moreover, counsel was exceedingly efficient, expending but 20.4 hours on the case. *Cf. Patterson v. Apfel*, 99 F.Supp.2d 1212, 1214 n.2 (C.D. Cal. 2000) (surveying similar actions and finding the average time expended to be over 30 hours). Such efficient and successful representation supports the reasonableness of the request fee award. *See Gisbrecht*, 535 U.S. at 807-808.

The only consideration weighing against reasonableness is the seemingly exorbitant de facto hourly rate of just under $800 per hour, and that appears to be but a by-product of counsel's efficiency in prosecuting the case. [*Cf.* Doc. No. 24-4 (counsel's EAJA award billing summary reflecting a $180 hourly rate).] Indeed, "[s]ince *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (collecting cases). "The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Id.* Moreover, counsel here attests to social security expertise earned over a decade of similar litigation, which expertise may be responsible for the limited hours expended and consequently inflated hourly rate. [*See* Doc. No. 24-2.] Courts are loathe to penalize experienced counsel for efficient representation under contingency agreements, particularly in the social security context. *See, e.g., id.* As explained in an oft-cited opinion:

> Social Security claimants, by nature of their disabilities, are generally not able to secure representation via advance payment for services. Contingent-fee agreements are the method of rewarding attorneys for representing claimants without guarantee of payment . . . A contingent-fee system rests on the theory of expected value: a projected award of fees discounted by the probability of obtaining an award. When the attorney is successful, he or she must be able to collect fees that exceed what one might consider a reasonable hourly rate in order to compensate the attorney for unpaid time spent in cases that ended unsuccessfully. An attorney that can collect only a lodestar amount when he wins a Social Security benefits case and absolutely nothing when he loses a benefits case is an attorney likely to forego representing Social Security claimants altogether.

*Dodson v. Com'rs of Social Security*, 2002 WL 31927589, *2 (W.D. Va. Oct. 22, 2002).  Here, given counsel's ample experience as well as the assumed risk of nonpayment inherent in this type of case, the nominally high de facto hourly rate does not warrant reduction of the requested fee.

At bottom, nothing in either the character of counsel's representation or the results achieved warrants a reduction of the agreed to 25% fee.  According, Plaintiff's petition is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's petition for approval of attorney's fees.

**IT IS SO ORDERED.**

**DATED:**   January 30, 2013

**IRMA E. GONZALEZ**
**United States District Judge**